EUGENE KILLIAN, JR*
DIMITRI TERESH*
VIRGINIA A. NAIROOZ*

*MEMBER NJ & NY BAR

K

THE KILLIAN FIRM, P. C.
ATTORNEYS AT LAW

November 5, 2026

**Via ECF**

Honorable Robert Kirsch, U.S.D.J.
United States District Court
District of New Jersey
Clarkson S. Fisher Building & U.S. Courthouse
402 East State Street
Trenton, New Jersey 08608

Re: *Princeton Logistics Group, LLC v. Patrick Louis Group, Inc.*
Docket No.: 3:26-cv-06559-RK-JTQ

Dear Judge Kirsch:

Pursuant to Section I(A)(3) of the Court's Individual Rules and Procedures, and in accordance with the Court's Text Order of November 2, 2026, Plaintiff Princeton Logistics Group, LLC ("Princeton") respectfully submits this letter in response to the pre-motion letter of Defendant Patrick Louis Group, Inc. ("Patrick Louis") at ECF No. 7. Of the three grounds Patrick Louis raises, one reflects a defect in pleading that Princeton can and will cure, and the other two do not support dismissal. Princeton proposes to file an amended complaint that would resolve the first ground and remove any question as to the remaining two, which should narrow or moot the contemplated motion and spare the parties the expense of briefing it.

Turning first to Count V, Princeton does not dispute that the citizenship of a limited liability company is determined by the citizenship of its members. *Zambelli Fireworks Mfg. Co., Inc. v. Wood*, 592 F.3d 412, 420 (3d Cir. 2010). Paragraph 2 of the Complaint pleads Princeton's state of organization and principal place of business rather than its members' citizenship, and Princeton will correct that allegation. The omission is one of pleading rather than of substance, and the information is already of record: Princeton's disclosure statement under Federal Rule of Civil Procedure 7.1(a)(2), filed June 10, 2026, identifies Jim Neebling as Princeton's sole member and states that he is domiciled in New Jersey. (ECF No. 5.) Patrick Louis is a Tennessee corporation, (Compl. ¶ 2), complete diversity therefore exists, and the amount in controversy is established by Patrick Louis's own demand for $117,236.50. Congress has addressed precisely this circumstance: "Defective allegations of jurisdiction may be amended, upon terms, in the trial or appellate courts." 28 U.S.C. § 1653. *Zambelli* itself reflects that preference for preserving jurisdiction where it exists: the Court of Appeals exercised its authority under Rule 21 to drop a dispensable non-diverse party rather than dismiss the action. *Zambelli*, 592 F.3d at 423. In all events, the Court's jurisdiction over this action does not rest on diversity, because the Complaint invokes federal-question

jurisdiction under 28 U.S.C. §§ 1331 and 1338(a) for the Lanham Act claim, (Compl. ¶ 1), which Patrick Louis does not challenge.

Supplemental jurisdiction independently reaches Count V. Section 1367(a) extends to all claims so related to those within the Court's original jurisdiction that they form part of the same case or controversy, and it operates by force of the statute rather than by how a party characterizes its claims in any particular paragraph. Patrick Louis's reliance on paragraph 3 therefore does not advance the analysis, and it passes over the allegations that bear on it. Paragraph 89 pleads that Princeton's damages from the infringement claims operate as a setoff and recoupment against any balance Patrick Louis contends remains owing, and paragraph 91 pleads that the debt dispute arises from the same course of dealings that underlies Princeton's other claims. The two sets of claims thus share not only a common factual background but a common measure of damages. *Lyons v. Whisman*, 45 F.3d 758, 763 (3d Cir. 1995), is not to the contrary; the only link between the federal and state claims there was the employment relationship itself, which the Court of Appeals found too thin to supply even a "loose" nexus. Nor do *Wilton v. Seven Falls Co.*, 515 U.S. 277 (1995), and *State Auto Insurance Cos. v. Summy*, 234 F.3d 131 (3d Cir. 2000), counsel otherwise, because each concerns the discretion to decline declaratory jurisdiction where a parallel state proceeding is pending. No such proceeding exists here, and declining jurisdiction would invite the duplicative litigation that paragraph 91 identifies.

As to Count IV, the premise that the Complaint "does not identify any specific customer, carrier, broker, or contract" is not accurate. Count IV incorporates all preceding allegations, (Compl. ¶ 76), and paragraph 30 identifies Steel Lion, MAP, and UNIUNI by name as entities with existing commercial relationships with Princeton that either confused the two companies or believed them to be affiliated, together with carrier confusion arising from Patrick Louis's "PLG" listing on the DAT load board. Paragraphs 32 and 83 quantify the resulting loss at approximately $110,900 in 2025 and $76,200 year to date in 2026. That is considerably more than the mere allegation of lost business found wanting in *Austar International Ltd. v. AustarPharma LLC*, 425 F. Supp. 3d 336, 359 (D.N.J. 2019). Should the Court prefer those relationships restated within Count IV rather than incorporated by reference, Princeton will make that change by amendment.

The independent-wrongfulness element is satisfied as well. *Acumed LLC v. Advanced Surgical Services, Inc.*, 561 F.3d 199, 215 (3d Cir. 2009), requires conduct actionable for a reason independent of the interference claim itself, and trademark infringement and unfair competition are independently actionable. The Complaint separately pleads that Patrick Louis's principal obtained Princeton's customer, carrier, lane, and vendor information during discussions concerning possible employment and affiliation, and then used that information to compete, (Compl. ¶¶ 20, 80, 82). That is not the privileged competition *Acumed* describes.

Counts I through III do not turn on a question that can be resolved on the pleadings. Secondary meaning is a factual determination, assessed against a non-exclusive list of factors that includes the extent of sales and advertising leading to buyer association, the length and exclusivity of use, copying by the defendant, and actual confusion. *Commerce Nat'l Ins. Servs., Inc. v. Commerce Ins. Agency, Inc.*, 214 F.3d 432, 438, 440 (3d Cir. 2000) (setting out the factors and reviewing the district court's secondary-meaning finding for clear error). The Complaint pleads each of them: continuous use since 2020, (¶ 44); annual advertising and market development, (¶¶ 43, 58); participation in AEMCA, RACCA, ACI, and the JFK Air Cargo Association, (¶ 61);

adoption of the designation with knowledge of Princeton's prior use and following the affiliation discussions, (¶ 26); and named instances of actual confusion, (¶ 30). Whether that evidence ultimately persuades is a matter for summary judgment or trial.

The third-party registration does not alter the analysis. The Court may notice the existence of Registration No. 4190306, but not the truth of the propositions for which Patrick Louis offers it. See *S. Cross Overseas Agencies, Inc. v. Wah Kwong Shipping Grp. Ltd.*, 181 F.3d 410, 426 (3d Cir. 1999) (a court may take judicial notice of another court's opinion "not for the truth of the facts recited therein, but for the existence of the opinion"); Fed. R. Evid. 201(b). That registration is held by an unrelated company in International Class 35 for business consulting services, while Princeton's use is in freight brokerage and transportation services. Whether a single registration in a different class, by an owner whose use in Princeton's market is nowhere alleged, defeats distinctiveness is a factual question that cannot be resolved against Princeton at the pleading stage.

As to Princeton's use of PLG through PLG Corp, Princeton Logistics Group, LLC, and PLG Middle Mile Transport LLC, those entities are not independent users of the designation. Where the owner of a mark controls the nature and quality of the services offered under it the controlled entity's use counts as the owner's own use rather than fragmenting rights among separate users. Princeton will amend to plead the corporate relationship among the three entities and Princeton's control over their use of the mark.

Princeton therefore respectfully requests leave to file an amended complaint within twenty-one days. The amended pleading will allege the citizenship of Princeton's members, plead the corporate relationship among the PLG entities, restate within Count IV the specific relationships at issue, and correct certain internal inconsistencies Princeton has identified in its own review of the pleading. Amendment is the course the Court of Appeals favors where a defect is curable, see *Phillips v. County of Allegheny*, 515 F.3d 224, 236 (3d Cir. 2008) and it would materially narrow, if not eliminate, the motion Patrick Louis proposes. Princeton is of course available should the Court prefer to proceed by conference.

Thank you for the Court's attention to this matter.

Respectfully submitted,

THE KILLIAN FIRM, P.C.

/s/ *Virginia A. Nairooz*
Virginia A. Nairooz

cc: All Counsel of Record (via ECF)